**WAL–MART STORES, INC., Petitioner,**

v.

**Lucia Ochoa RESENDEZ, Respondent.**

No. 97–0558.

Supreme Court of Texas.

Feb. 13, 1998.

Rehearing Overruled April 14, 1998.

J. Preston Wrotenbery, Kevin D. Jewell, Houston, for Petitioner.

Laurence W. Watts, Mark G. Lazarz, Houston, for Respondent.

## OPINION

PER CURIAM.

This case involves the proper scope of authority of law in a false imprisonment case. The court of appeals affirmed the trial court's judgment against Wal–Mart Stores, Inc. ("Wal–Mart") on a jury finding of false imprisonment. —— S.W.2d ——. We hold that, on the facts in this case, Wal–Mart established as a matter of law that it detained Lucia Resendez for a reasonable period of time, in a reasonable manner, and upon a reasonable belief that she had stolen store merchandise. Accordingly, we reverse the

court of appeals' judgment and render judgment for Wal–Mart.

On January 20, 1986, Resendez went shopping at Wal–Mart during her lunch break. While browsing through the store, she began to eat from a bag of peanuts marked with a Wal–Mart price sticker. Raul Salinas, a security guard for Wal–Mart, followed Resendez and observed her place the empty bag under a rose bush. He then watched her purchase some items and leave the store. After determining that Resendez had not paid for a bag of peanuts, Salinas followed her into the parking lot. He accused her of taking the bag of peanuts without paying and asked her to accompany him back into the store. Resendez objected that she bought the peanuts the day before at another Wal–Mart store and could provide the receipt to prove it. She then accompanied Salinas to the back of the store. Within about ten to fifteen minutes a police officer arrived and arrested Resendez. Resendez posted bail and was released about one hour later.

A jury convicted Resendez of misdemeanor theft. Later, the court of appeals overturned her conviction because of a defect in the charging instrument.[1] She then sued Wal–Mart for malicious prosecution, false imprisonment, intentional infliction of emotional distress and negligence. The jury awarded Resendez $100,000 for the false imprisonment claim and $25,000 for the negligence claim. The court of appeals modified the judgment, eliminating the $25,000 recovery because it was a double recovery, and affirmed the judgment as modified.

■ In a false imprisonment case, if the alleged detention was performed with the authority of law, then no false imprisonment occurred. *See Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex.1985) (listing the elements of false imprisonment as a willful detention performed without consent and without the authority of law). The "shopkeeper's privilege" expressly grants an employee the authority of law to detain a customer to investigate the ownership of property in a reasonable manner and for a reasonable period of time if the employee has a reasonable belief that the customer has stolen or is attempting to steal store merchandise. TEX. CIV. PRAC. & REM. CODE ANN. § 124.001.

■ There was no evidence to support the contention that the detention occurred for an unreasonable period of time. Without deciding the outer parameters of a permissible period of time under section 124.001, the ten to fifteen minute detention in this case was not unreasonable as a matter of law. *See Dominguez v. Globe Discount City, Inc.*, 470 S.W.2d 919, 920 (Tex.Civ.App.—El Paso 1971, no writ) (finding a five to six minute detention reasonable even where the plaintiff was ultimately released by the security guard who detained her); *Meadows v. F.W. Woolworth Co.*, 254 F.Supp. 907, 909 (N.D.Fla.1966) (finding a ten minute detention reasonable under a similar statute). Also, no evidence exists that the detention occurred in an unreasonable manner. The only question is whether it was reasonable for Salinas to believe that Resendez had stolen the peanuts. It was.

■ Once the facts are established, the existence of probable cause is a question of law for the court. *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 518 (Tex.1997). Based upon the undisputed facts—Resendez looked for peanuts immediately upon entering the Wal–Mart store,[2] she was later seen eating from a bag of peanuts marked with a Wal–Mart price sticker, and she did not pay for the peanuts on leaving the store—probable cause existed to believe that the peanuts were stolen property. In fact, in response to the question on Resendez's malicious prosecution claim, the jury found that Salinas had probable cause to commence criminal proceedings against Resendez. If Salinas had probable cause to initiate criminal proceedings, his belief that Resendez stole the peanuts was necessarily reasonable. *See Wal–Mart Stores, Inc. v. Odem*, 929 S.W.2d 513,

---

1. Before trial in the civil case, the trial court granted Resendez's motion in limine on the outcome of the criminal trial. Wal–Mart did not contest this holding on appeal.

2. Resendez testified at trial through her deposition that upon entering the store, she first went to the snack aisle "to see what kind of peanuts they have."

520 (Tex.App.—San Antonio 1996, writ denied) (finding that reasonable belief for an investigative detention is something less than that required to establish probable cause); *Berly v. D & L Security Servs. & Investigations, Inc.*, 876 S.W.2d 179, 183 (Tex.App.—Dallas 1994, writ denied) (noting that the "shopkeeper's privilege" under section 124.001 embodies the law of probable cause for the purpose of detaining a suspected shoplifter); *Montgomery Ward & Co. v. Garza*, 660 S.W.2d 619, 621 (Tex.App.—Corpus Christi 1983, no writ) (equating authority of law with the existence of probable cause). As a matter of law, the undisputed facts of this case establish that Salinas had the authority of law to detain Resendez and therefore she was not falsely imprisoned.

The court of appeals' discussion of the proper scope of the authority of law to detain fails to recognize the full extent of the privilege granted to persons who suspect shoplifting. First, the court of appeals reasoned that the jury implicitly found that Wal–Mart exceeded the scope of its privilege to detain Resendez. To support this theory, the court of appeals cited one of its own opinions for the principle that compliance with a store's internal policies is informative in the jury's determination of whether there was a detention without authority of law. —— S.W.2d at —— (citing *Montgomery Ward*, 660 S.W.2d at 621). We disagree that the internal policies of a private business define the permissible scope of a detention authorized under the law.

Second, the court of appeals erred in its interpretation of the shopkeeper's privilege. The privilege does not require the detainer to confirm or refute the detainee's claims, nor does it prevent the detainer from holding the suspected shoplifter for a reasonable time in order to deliver her to the police. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 124.001; *see also* TEX.CRIM. PROC.CODE ANN. Art. 18.16 (granting to any person the privilege to seize and detain a person suspected of theft and deliver them to a peace officer).

Therefore, pursuant to Texas Rule of Appellate Procedure 59.1, the court grants Wal–Mart's application for writ of error and, without hearing oral argument, reverses the court of appeals' judgment and renders judgment for Wal–Mart.[3]

---

3. Our disposition on the false imprisonment claim does not revive the $25,000 award for negligence. Resendez's negligence claim is predicated on exactly the same facts as her false imprisonment claim. Salinas' actions were reasonable, and thereby authorized by law. Consequently, his actions comported with those of a reasonably prudent shopkeeper and a claim of negligence can not stand.