United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20081
Conference Calendar

PERRY WAYNE FREEMAN,

Plaintiff-Appellant,

versus

GARY JOHNSON, Executive Director; FRANK HOKE; JOHN F. FANT,
Director of State Counsel for Defenders,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-1609
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Perry Wayne Freeman, Texas prisoner #752397, appeals the

district court's dismissal of his 42 U.S.C. § 1983 complaint as

frivolous and for failure to state a claim pursuant to 28 U.S.C.

§ 1915(e)(2)(B). He reasserts his argument that prison officials

denied him access to the courts in violation of his

constitutional rights by not providing him with certain

statutory authority.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Freeman fails to demonstrate a "relevant actual injury" stemming from the defendants' alleged unconstitutional conduct. Lewis v. Casey, 518 U.S. 343, 351 (1996). The federal statutes Freeman requested, 28 U.S.C. §§ 1495** and 2513, are simply not relevant to the appeal of his state conviction and come into play only after a defendant has succeeded in overturning his federal conviction and is seeking damages for wrongful conviction. See 28 U.S.C. §§ 1495 and 2513. Therefore, the district court did not err in dismissing Freeman's action.

Freeman's argument that he needed the requested statutory authority in order to do preliminary research for his federal habeas petition is raised for the first time on appeal, and this court will not review it. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). Furthermore, the statutes would likewise not be relevant to a federal habeas action, as they are relevant only after a defendant's federal conviction has been overturned. See 28 U.S.C. §§ 1495, 2513.

The district court's dismissal of the complaint as frivolous and for failure to state a claim counts as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Freeman is WARNED that if he accumulates three strikes pursuant to 28 U.S.C. § 1915(g), he may

---

** Although Freeman has identified 28 U.S.C. § 1491, which relates to contract actions against the United States, as one of the statutes he requested, it is presumed that he meant to refer to 28 U.S.C. § 1495.

not proceed <u>in forma pauperis</u> in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>Id.</u>

Freeman's motion for appointment of appellate counsel is DENIED.

AFFIRMED; SANCTION WARNING ISSUED; MOTION DENIED.