Opinion issued December 14, 2006

















In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00531-CV






STEVE BURDITT, Appellant


V.


WHATABURGER, INC., Appellee






On Appeal from County Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 817,283





MEMORANDUM OPINION


 Appellant, Steve Burditt, appeals from the trial court's judgment rendered upon
appellee's, Whataburger, Inc.'s, amended no-evidence motion for summary judgment. 
In three issues on appeal, Burditt asserts that the trial court erred in rendering a no-evidence summary judgment on his claims for (1) false imprisonment; (2) negligence;
and (3) violation of the Texas Deceptive Trade Practices--Consumer Protection Act
(DTPA). (1) 

 We affirm.Background

 On April 1, 2004, Burditt took his family to a Whataburger restaurant located
in Tomball, Texas. He ordered a meal in the drive-through lane of the restaurant and
paid by giving the cashier a $20 bill. After receiving the payment and testing the bill
with a commercially available counterfeit-detection pen, the cashier became
suspicious that the bill was counterfeit. Acting on this suspicion, the cashier
informed his manager, Jason Trout, who contacted the Tomball Police Department. 
Instead of returning Burditt's change, meal, or original $20 bill, the cashier requested
that Burditt drive away from the window and wait. While he waited in the parking
lot, Burditt felt as though he could not leave Whataburger's premises. After "a
number of minutes" had passed, Burditt went inside the restaurant. Around the same
time that Burditt entered the restaurant, a Tomball Police Officer, K. Yoho, arrived. 
Burditt was taken outside of the restaurant while Officer Yoho briefly discussed the
situation with the Whataburger employees. Officer Yoho took Burditt's driver's
licence and checked it against the National Crime Information and Texas Crime
Information databases. After speaking with the Whataburger employees for
approximately one minute, Officer Yoho informed the Whataburger employees and
Burditt that he did not believe the bill was counterfeit. (2) Because the incident took
place in front of his family, Burditt alleges that he was humiliated and embarrassed. In his amended original petition, Burditt alleges the following four causes of
actions against Whataburger: (1) false imprisonment; (2) negligence; (3) intentional
infliction of emotional distress; (3) and (4) violation of the DTPA. Whataburger filed
an amended motion for a no-evidence summary judgment challenging each of the
four causes of action. The trial court granted Whataburger's amended motion for no-evidence summary judgment with respect to all causes of action.

Summary Judgment

Standard of Review

 A no-evidence summary judgment is "essentially a pretrial directed verdict";
therefore, we will apply the same legal sufficiency standard of review that we apply
to a directed verdict. King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex.
2003). The movant has the burden of asserting that no evidence exists for at least one
essential element in each of cause of action. Tex. R. Civ. P. 166a(i). If the movant
meets that burden, then the non-movant must produce summary judgment evidence
that raises a fact issue on each of the challenged elements to defeat the motion. Id.
We review the evidence "in the light most favorable to the non-movant" and resolve
any contrary evidence or inferences in favor of the non-movant. King Ranch, 118
S.W.3d at 751. The no-evidence summary judgment will be sustained if (1) "there
is a complete absence of evidence of a vital fact"; (2) "the court is barred by rules of
law or of evidence from giving weight to the only evidence offered to prove a vital
fact"; (3) "the evidence offered to prove a vital fact is no more than a mere scintilla";
or (4) "the evidence conclusively establishes the opposite of the vital fact" for at least
one of the essential elements that is challenged in each cause of action. Id.

 In general, we will consider a no-evidence summary judgment improperly
granted if the non-movant "brings forth more than a scintilla of probative evidence
to raise a genuine issue of material fact" in each of the challenged elements. Id. If
reasonable or fair-minded people could differ on the conclusion that the evidence
lacks probative force, more than a scintilla of probative evidence exists. Id. If
reasonable or fair-minded people could only reach the conclusion that the evidence
created no more than a mere surmise or suspicion that a fact exists, then a mere
scintilla or less than a scintilla of probative evidence exists for that fact. Kindred v.
Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). 

False Imprisonment

 In his first issue on appeal, Burditt argues that the trial court erred in granting
summary judgment on his false imprisonment claim. In its no-evidence motion for
summary judgment, Whataburger argued that Burditt presented no evidence
demonstrating that (1) Whataburger willfully detained Burditt on its premises; (2)
Burditt was held without his consent by Whataburger on the premises; or (3)
Whataburger acted without authority of law. 

 In response, Burditt presented an affidavit that provides in its entirety: 

 On April 1, 2004, I arrived at Whataburger's location in Tomball
and ordered a meal at the drive-through location and gave
Whataburger's employee a $20.00 bill. When neither my meal or
change was delivered I was told to drive away from the window and
wait. I did so and after waiting a number of minutes went inside. I had
neither received my meal, change or even return of the $20.00 bill. 
Therefore, I do not feel I could leave Whataburger's premises. At about
that time a police officer arrived and I was taken outside. I heard the
police officer tell Jason Trout, Whataburger's employee, that the bill
was not counterfeit. Mr. Trout argued with the police officer. 


 I was present during the deposition of Mr. Trout and heard him
testify that he told another Whataburger employee to tell me to move
away from the drive through window and wait. Mr. Trout testified he
did so to allow time for the police to arrive. 

 Mr. Trout told the police officer he had used a counterfeit pen
detector to determine the bill was counterfeit.


 All of this occurred in front of my family. I was humiliated and
embarrassed that this occurred. 


 False imprisonment is a detention of the plaintiff that is (1) willful on the part
of the defendant; (2) without consent of the plaintiff; and (3) without legal authority
or justification. Wal-Mart Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002).
Even if the defendant willfully detained the plaintiff without the plaintiff's consent,
a false imprisonment action cannot be sustained if the defendant was legally justified
in detaining the plaintiff. Sears, Roebuck & Co. v. Castillo, 693 S.W.2d 374, 37576
(Tex. 1985). To survive a no-evidence motion for summary judgment on a false
imprisonment cause of action, the plaintiff must present more than a scintilla of
summary judgment evidence that the defendant was without legal justification in
detaining him. See Rodriguez, 92 S.W.3d at 506. If a shopkeeper, like Whataburger,
"reasonably believes that another has stolen or is attempting to steal [his] property,"
that shopkeeper has the legal authority to detain the person while investigating if he
does so in a reasonable manner for a reasonable time period. See Tex. Civ. Prac. &
Rem. Code Ann. § 124.001 (Vernon 2005); (4) see also Dillard Dep't. Stores, Inc. v.
Silva, 148 S.W.3d 370, 372 (Tex. 2004). 

 On appeal, Burditt argues that the "shopkeeper's privilege" is not applicable
because he took nothing from Whataburger, and it is not alleged that he had taken
anything. We disagree that the shopkeeper's privilege does not apply. By the
statute's plain terms, the application of the shopkeeper's privilege is not dependent
on whether Burditt actually stole something. See Tex. Civ. Prac. & Rem. Code
Ann. § 124.001. Rather, the shopkeeper's privilege applies if a person, such as the
Whataburger employee, believes that Burditt was attempting to steal. See id. We
conclude that the shopkeeper's privilege applies to Whataburger. Because Burditt
does not argue and does not present any summary judgment evidence that the alleged
detention was done in an unreasonable manner for an unreasonable length of time, (5)
we further conclude that the trial court properly granted summary judgment on
Burditt's false imprisonment claim. (6) See Zale Jewelry Co. v. Jarman, 227 S.W.2d
857, 858 (Tex. Civ. App.Eastland 1950, writ dism'd) (holding that shopkeeper had
right to suspect that customer was passing a fraudulent check). 

 We overrule Burditt's first issue on appeal. 

Negligence


 In his second issue on appeal, Burditt argues that the trial court erred in
granting summary judgment on his negligence cause of action. In its summary
judgment motion, Whataburger argued that no evidence showed that (1) Whataburger
breached any duty owed to Burditt or (2) Whataburger's actions proximately caused
any compensable damage to Burditt. Burditt responded by arguing that "it is a fact
question for the jury to determine whether Burditt was damaged by Whataburger's
conduct and how much." 

 A negligence cause of action must be sustained by three essential elements: (1)
a legal duty that the defendant owes the plaintiff; (2) a breach of that legal duty; and
(3) damages that are proximately caused by the breach. Greater Houston Transp. Co.
v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990). 

 The only summary judgment proof of damages offered by Burditt is a statement
in his affidavit that he was humiliated and embarrassed in front of his family as a
result of Whataburger's incorrectly validating his payment. 

 Embarrassment and humiliation are best categorized in this context as subsets
of mental anguish damages. See Parkway Co. v. Woodruff, 901 S.W.2d 434, 444
(Tex. 1995). A party's mental anguish damages will generally survive a legal
sufficiency challenge if there is evidence regarding the nature, duration, and severity
of the damages that establish a disruption to the party's daily routine. Id. 

 If a party fails to provide evidence regarding the nature, duration, or severity,
then we must look to see if the record "reveals any evidence of 'a high degree of
mental pain and distress' that is 'more than mere worry, anxiety, vexation,
embarrassment, or anger' to support any award of damages." Id. (quoting J.B.
Custom Design & Bldg. v. Clawson, 794 S.W.2d 38, 43 (Tex. App.Houston [1st
Dist.] 1990, no writ)). Statements of mere emotions will not be sufficient. Id. at 445. 
Generally, qualifying events would have to demonstrate "a threat to one's physical
safety or reputation or involved the death of, or serious injury to, a family member." 
Id.

 In Parkway Co. v. Woodruff, the appellant only presented evidence of being
upset, disturbed, and hot as a result of flood damage to her house. Id. The supreme
court held that these were statements of mere emotions that did not meet a high
degree of mental pain or distress. Id. In addition, the court held that the statements
were not direct evidence of nature, duration, and severity of damages, and thus were
not legally sufficient to support compensable mental anguish damages. Id. 

 Likewise, in Saenz v. Fidelity & Guardian Insurance Underwriters, the
appellant's only evidence of mental anguish damages was testimony that she was
worried about paying for lifetime medical benefits, an entitlement she claimed to have
unknowingly given up in a workers' compensation settlement. 925 S.W.2d 607, 609,
614 (Tex. 1996). Because the testimony did not prove a high degree of mental pain
or distress and was not direct evidence of nature, duration, or severity of damages, the
court held that the testimony did not rise to the level of compensable mental anguish
damages. Id. at 614.

 Here, Burditt presented no summary judgment evidence of damages except that
he was embarrassed and humiliated in front of his family as a result of Whataburger's
incorrect validation of his $20 bill. While being "embarrassed and humiliated"
describe the nature of the alleged damages, the statement provides no indication of
the severity or duration of the damages that could provide evidence of an interruption
to Burditt's daily routine. Nor does Burditt present any evidence of a high degree of
mental pain and distress. Accordingly, we hold that the trial court properly granted
the no-evidence summary judgment with respect to Burditt's negligence cause of
action.

 We overrule Burditt's second issue on appeal. 

DTPA 


 In his third issue on appeal, Burditt argues that the trial court erred in granting
summary judgment on his DTPA cause of action because he presented evidence that
mental anguish damages are recoverable for "knowing conduct" and that there is a
fact issue as to whether or not Whataburger's conduct satisfies the "knowing"
requirement. 

 In its no-evidence motion for summary judgment, Whataburger argued that
Burditt presented no evidence that Whataburger "knowingly and intentionally"
violated the DTPA. In response, Burditt argued that "Burditt's affidavit establishes
a fact issue as to whether Whataburger's conduct violates the DTPA." 

 In his amended petition, Burditt alleges that Whataburger engaged in an
"unconscionable action" in violation of the DTPA. (7) See Tex. Bus. & Com. Code
Ann. § 17.50(a)(3) (Vernon Supp. 2006). Recovery under section 17.50 of the DTPA
is predicated on the violation being the "producing cause of economic damages or
damages for mental anguish." See id. § 17.50(a); Latham v. Castillo, 972 S.W.2d 66,
69 n.3 (Tex. 1998). To recover his alleged mental anguish damages, (8) Burditt must
present evidence that Whataburger acted knowingly. See Tex. Bus. & Com. Code
Ann. § 17.50(b)(1) (Vernon Supp. 2006). 

'Knowingly' means actual awareness, at the time of the act or practice
complained of, of the falsity, deception, or unfairness of the act or
practice giving rise to the consumer's claim or, in an action brought
under Subdivision (2) of Subsection (a) of Section 17.50 [breach of an
express or implied warranty], actual awareness of the act, practice,
condition, defect, or failure constituting the breach of warranty, but
actual awareness may be inferred where objective manifestations
indicate that a person acted with actual awareness. 


Id. § 17.45(9) (Vernon 2002). 

 The Texas Supreme Court has noted that actual awareness does not mean
"merely that a person knows what he is doing; rather, it means that a person knows
that what he is doing is false, deceptive, or unfair." St. Paul Surplus Lines Ins. Co.
v. Dal-Worth Tank Co., 974 S.W.2d 51, 54 (Tex. 1998). "In other words, a person
must think to himself at some point, 'Yes, I know this is false, deceptive, or unfair to
him, but I'm going to do it anyway.'" Id. Here, Burditt's affidavit contains no
evidence that Whataburger acted "knowingly." Moreover, as we stated in our
analysis of his negligence cause of action, Burditt presented no evidence of
compensable mental anguish damages. The trial court, therefore, properly granted
Whataburger's no-evidence motion for summary judgment with regard to Burditt's
DTPA claim.

 We overrule Burditt's third issue on appeal.

 Conclusion



 We affirm the judgment of the trial court.

 

 



 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Hanks.


1. See Tex. Bus. & Com. Code Ann. § 17.41 (Vernon 2002).
2. Burditt's affidavit alleges that he heard a Whataburger employee and Officer Yoho
argue about whether the bill was counterfeit. In his deposition, Officer Yoho claimed
that he did not recall the argument.
3. In response to Whataburger's amended no-evidence motion for summary judgment,
which challenged the intentional infliction of emotional distress cause of action,
Burditt did not assert a fact issue with respect to that cause of action. In addition,
Burditt did not assert error with respect to the intentional infliction of emotional
distress cause of action in his appellate brief. Accordingly, we will not address that
cause of action. See Tex. R. App. P. 38.1(h).
4. A person who reasonably believes that another has stolen or is attempting to steal
property is privileged to detain that person in a reasonable manner and for a
reasonable time to investigate ownership of the property. Tex. Civ. Prac. & Rem.
Code Ann. § 124.001 (Vernon 2005).
5. Ten to fifteen minutes is a reasonable period of time as a matter of law. Wal-Mart
Stores, Inc. v. Resendez, 962 S.W.2d 539, 540 (Tex. 1998)
.
6. An example of detaining someone in an unreasonable manner occurs when a
contemporaneous search is performed with no probable cause that the plaintiff has
any stolen material hidden. Wal-Mart Stores, Inc. v. Cockrell, 61 S.W.3d 774, 779
(Tex. App.Corpus Christi 2001, no pet.). Here, there is no summary judgment
evidence that invasive activity similar to a search occurred while Whataburger was
validating Burditt's $20 bill. 
7. "Unconscionable action or course of action" means an act or practice which, to a
consumer's detriment, takes advantage of the lack of knowledge, ability, experience,
or capacity of the consumer to a grossly unfair degree. Tex. Bus. & Com. Code Ann.
§ 17.45(5) (Vernon 2002).
8. Burditt does not allege that he sustained any economic damages.