# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

<hr>

### NO. 03-07-00149-CV

<hr>

**Victor Carr, Appellant**

**v.**

**H. E. Butt Grocery Company, Stephen Watson, Evelia Salazar, Eva Castillo, Raul Cruz, Jane Doe and Donald Baird III, Appellees**

<hr>

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. D-1-GN-06-000167, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

<hr>

## M E M O R A N D U M   O P I N I O N

Victor Carr appeals from the dismissal of his lawsuit against H. E. Butt Grocery Company and four of its employees, Stephen Watson, Evelia Salazar, Eva Castillo, and Raul Cruz, and "Jane Doe" (an unidentified HEB employee) (collectively "HEB"), and Donald Baird III. Carr sued HEB alleging causes of action for defamation, false imprisonment, invasion of privacy, fraud, and civil conspiracy arising out of an incident in which he was detained by HEB employees who believed he was shoplifting. Carr also sued Baird, a parole officer employed by the Texas Department of Criminal Justice parole division. Carr complained of certain reporting requirements Baird imposed on him in connection with his parole, asserting that Baird falsified documents and conspired with HEB to cause him to be arrested. HEB and Baird moved to dismiss Carr's claims as frivolous pursuant to chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ.

Prac. & Rem. Code Ann. §§ 14.001-.014 (West 2002). The trial court granted Baird's and HEB's motions and dismissed Carr's claims. We will affirm the trial court's dismissal order.

## FACTUAL AND PROCEDURAL BACKGROUND

### Carr's Claims Against HEB

Carr's petition contains the following allegations: in May 2005, his then-girlfriend Felicia Perkins asked him to return some merchandise she had previously purchased, including razor blades, to HEB store # 465 in Austin. Perkins told Carr that she did not have a receipt for the merchandise and asked Carr to return the items for in-store credit. As Carr entered the store carrying the merchandise to be returned in a white unmarked bag, he saw Cruz, an HEB security team employee, talking with another employee. Carr attempted to get Cruz's attention, but Cruz did not see Carr walk into the store. Carr entered the store through the exit doors and no alarm sounded as he passed through the store's security detectors. Carr first approached an HEB employee bagging groceries and asked where he could return the merchandise. The bagger indicated that she did not speak English. Carr then approached a cashier, who told him he could return the items at the customer service counter.

At the customer service counter, Carr was eventually assisted by HEB employees Castillo and Doe. Carr told the employees that his girlfriend had called the store earlier and was informed that, because she had no receipt for the merchandise, she had to bring those items back to the store of original purchase to get in-store credit. Carr asked for in-store credit for the merchandise. Castillo and Doe took the items and began looking at their computer. After a brief consultation, Doe told Carr that she could not give him in-store credit. When Carr asked why not,

Doe and Castillo conferred again. While they were conferring, HEB employee Salazar came out of the back office. Salazar joined Doe and Castillo's conversation. Salazar then entered something in the computer and informed Carr that he could not have in-store credit because the items did not come from HEB store # 465. Carr asked which store they had come from, and Salazar replied that she did not know.

The employees returned the merchandise to Carr, and he put it back in the white unmarked bag. This time, as he passed through the security sensors at the store exit, the security alarm sounded. Cruz, who had been walking toward the exit, detained Carr and took the bag from him. At that time Salazar and Doe approached. Watson, the store manager, then joined the group and was told that Carr was trying to leave the store without paying for the merchandise. Watson called the Austin Police Department and a police officer arrived and arrested Carr for theft.

Subsequent to his arrest, Carr's parole was revoked, apparently for failure to report as directed by his parole officer. At the time this suit was filed, Carr was incarcerated by the Texas Department of Criminal Justice Institutional Division. Carr brought this action in forma pauperis and pro se purporting to assert causes of action against HEB for fraudulent misrepresentation, defamation, invasion of privacy, false arrest, civil conspiracy, and racial discrimination.[1]

### Carr's Claims Against Baird

Carr also purported to bring a cause of action against Baird, his parole officer, pursuant to the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109

---

[1] Carr does not raise any appellate issue regarding his discrimination claims, and those claims are not part of this appeal.

3

(West 2005). Carr complained that Baird required that he report for a meeting with his parole officer for three consecutive days, made false statements in official documents, and conspired with HEB to have him arrested for theft. Carr's pleadings do not identify what statements Baird made that were false. Besides stating that Baird "engaged in an ongoing open conspiracy with H.E.B. Grocery employees to have [him] incarcerated," the pleadings do not further elaborate on the manner in which Baird conspired with HEB.

HEB and Baird filed motions to dismiss pursuant to chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003. Section 14.003(a)(2) provides that a court may dismiss a claim filed by an inmate in which an affidavit or unsworn declaration of inability to pay costs is filed before or after service of process if the court finds that the claim is frivolous or malicious. *Id.* In determining whether a claim is frivolous or malicious, the court may consider whether:

(1) the claim's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact;

(3) it is clear that the party cannot prove facts in support of the claim; or

(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

*Id.* § 14.003(b). The trial court found that Carr's claims against HEB and Baird were frivolous and granted the motion to dismiss. The dismissal order does not specify the basis for the court's finding that the claims were frivolous.

4

**STANDARD OF REVIEW**

When an inmate plaintiff files an affidavit of inability to pay, the trial court has broad discretion to dismiss the suit as frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2); *Perales v. Kinney*, 891 S.W.2d 731, 733 (Tex. App.—Houston [1st Dist.] 1994, no writ). We review a chapter 14 dismissal of an in forma pauperis suit under an abuse-of-discretion standard. *Martinez v. Thaler*, 931 S.W.2d 45, 46 (Tex. App.—Houston [14th Dist.] 1996, writ denied). A trial court abuses its discretion if it acts arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000); *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998).

**DISCUSSION**

*Dismissal of the Claims Against HEB*

The trial court's order dismissed all of Carr's claims as frivolous, but the order does not state the basis for the court's finding that the claims are frivolous. Although HEB contends that the trial court dismissed the claims after it held a hearing, the record does not include a reporter's record from any hearing. The dismissal order stated that the court considered the defendants' motions to dismiss; it does not indicate that the court heard testimony from either party. HEB's motion attached a transcript of Carr's deposition but did not include any other evidence. Carr was not present at the hearing, and, without a reporter's record, we are unable to discern whether any other testimony or evidence was presented to the trial court. Because there is no reporter's record and the order signed by the district court states that its ruling was based on motions filed by the

5

defendants, we presume that the trial court did not conduct an evidentiary hearing. *See Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 782-83 (Tex. 2005). When a trial court dismisses a claim without a fact hearing, the court could not have determined that the suit had no arguable basis in fact. *Harrison v. Texas Dep't of Crim. Justice*, 915 S.W.2d 882, 887 (Tex. App.—Houston [1st Dist.] 1995, no writ) (citing *Hector v. Thaler*, 862 S.W.2d 176, 178 (Tex. App.—Houston [1st Dist.] 1993, no writ)). Therefore, we interpret the trial court's action as a finding that Carr's claims have no arguable basis in law. See Tex. Civ. Prac. & Rem. Code § 14.003(a), (b); *Retzlaff v. Texas Dep't of Crim. Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (stating that if, without evidentiary hearing, trial court dismisses claim as frivolous under section 14.003 of Texas Civil Practice and Remedies Code, dismissal can be affirmed on appeal if claim has no arguable basis in law).

Accordingly, we must consider whether the trial court properly determined there is no arguable basis in law for Carr's claims. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex. 1990). The issue as to whether there was an arguable basis in law for an inmate's claims is a legal question that we review de novo, but the dismissal of inmate litigation under the civil practice and remedies code is generally reviewed for abuse of discretion. *Minix v. Gonzalez*, 162 S.W.3d 635, 637 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Denson v. Texas Dep't of Crim. Justice*, 63 S.W.3d 454, 459 (Tex. App.—Tyler 1999, pet. denied). To determine whether the trial court properly decided that there were no arguable bases in law for Carr's claims, we examine the types of relief and causes of action Carr pleaded in his petition to decide whether, as a matter of law, the petition did in fact state causes of action that would support the relief requested. *Denson*, 63 S.W.3d

6

at 459. For a claim to have no arguable basis in law, it must be based on "an indisputably meritless legal theory," or be based on wholly incredible or irrational factual allegations. *Gill v. Boyd Distrib. Ctr.*, 64 S.W.3d 601, 603 (Tex. App.—Texarkana 2001, pet. denied). An inmate's cause of action may not be dismissed merely because the court considers the allegations "unlikely." *Id.* at 604 (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). In the present case, we conclude that Carr's claims against HEB and Baird have no arguable basis in law and that the trial court did not abuse its discretion by dismissing them.

The trial court also has a broad grant of power to dismiss an inmate's claims if it determines that the suit is frivolous because the realistic chance of ultimate success is slight. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(1); *White v. Thaler*, 1999 Tex. App. LEXIS 4251, at *5 (Tex. App.—Texarkana June 8, 1999, no pet.) (not designated for publication). We review such a determination under an abuse-of-discretion standard. *See Johnson v. Lynaugh*, 766 S.W.2d 393, 394 (Tex. App.—Tyler 1989), *writ denied per curiam*, 796 S.W.2d 705 (Tex. 1990). In the present case, we also conclude that the trial court did not abuse its discretion in dismissing Carr's claims because the realistic chance of ultimate success on his claims was slight.

*False Imprisonment*

Carr complains that the HEB store security officer, relying on incorrect information, wrongfully stopped and detained him. Although not designated as such, Carr's pleadings apparently seek to allege a cause of action against HEB for false imprisonment. To prevail under a false imprisonment claim, a plaintiff must prove (1) willful detention, (2) without consent, and (3) without authority of law. *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985). Absence of

7

adequate justification or authority of law is an essential element of a cause of action for false imprisonment. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). If the alleged detention was performed with authority of law, no false imprisonment occurs. *Wal-Mart Stores v. Resendez*, 962 S.W.2d 539, 540 (Tex. 1998).

The "shopkeeper's privilege" expressly grants an employee the authority of law to detain a customer to investigate the ownership of property in a reasonable manner and for a reasonable period of time if the employee has a reasonable belief that the customer has stolen or is attempting to steal store merchandise. Tex. Civ. Prac. & Rem. Code Ann. § 124.001 (West 2005). Carr has failed to state a viable cause of action for false imprisonment because the facts he has alleged demonstrate that the HEB employees had the authority to detain him under the shopkeeper's privilege. Carr alleged that he was stopped by the store security officer as he was leaving the store with an unmarked bag whose contents set off the security alarm. Carr stated in his deposition that when he first entered the store carrying the unmarked bag, he attempted to get Cruz's attention, but that Cruz did not notice or acknowledge him. Cruz did not, therefore, have any reason to know that Carr had brought the bag with him into the store. When the contents of Carr's bag set off the security alarm as Carr was leaving the store, Cruz and the other HEB employees had a reasonable basis for believing that Carr was attempting to steal store merchandise. The shopkeeper's privilege does not require that the person detaining another confirm or refute the detainee's claims regarding the merchandise, nor does it prevent the suspected shoplifter from being held for a reasonable time in order to deliver him to the police. *Resendez*, 962 S.W.2d at 540; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 124.001; Tex. Crim. Proc. Code Ann. art. 18.16 (granting to any person privilege to

detain person suspected of theft and deliver them to peace officer). Because the detention was not without authority of law, Carr has not stated a legally arguable cause of action for false imprisonment, and the realistic chance of his ultimate success on this claim was slight. The trial court did not abuse its discretion by dismissing Carr's claim for false imprisonment.

*Defamation*

Carr alleges that HEB employees "falsely imputed the act of theft to Appellant." In his petition, Carr states that HEB employees "stated that I was trying to leave the store without paying." The elements of a defamation cause of action for a private individual are (1) publication of a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with negligence regarding the truth of the statement. *WFAA TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). The facts Carr has alleged demonstrate that HEB was not acting with negligence as to the truth of the statement regarding Carr's actions. Carr alleged that as he was leaving the store carrying items in a white unmarked bag he passed through the security detectors and set off the alarm. Cruz, the store security guard, detained him and allegedly informed the store manager that Carr was attempting to leave the store with items he had not paid for. Rather than acting with negligent disregard for the truth of his statement, Cruz and the other HEB employees had a reasonable basis for believing that the security alarm sounded because Carr was carrying items out of the store that he had not paid for. Accordingly, Carr has not stated a claim for defamation that has an arguable basis in law, and the realistic chance of ultimate success on this claim was slight. The trial court did not abuse its discretion by dismissing Carr's defamation claim as frivolous.

***Invasion of Privacy***

In support of his invasion-of-privacy claim, Carr alleges that the HEB employees' conduct "intruded into [his] personal business of a store transaction." Invasion of privacy consists of four separate torts, each protecting a different privacy interest:

(1) unreasonable intrusion upon the seclusion or private affairs of another;

(2) unreasonable publicity given to an aspect of one's private life in which the public has no legitimate concern;

(3) publicity that unreasonably places another in a false light before the public; and

(4) unwarranted appropriation of one's name or likeness.

*See Billings v. Atkinson*, 489 S.W.2d 858, 860 (Tex. 1973). The Texas Supreme Court has recognized the first and second types of invasion of privacy, indicated probable acceptance of the fourth, and expressly declined to recognize the third. *See Cain v. Hearst Corp.*, 878 S.W.2d 577, 578 (Tex. 1994). Carr's petition fails to allege facts that fall into the first, second or fourth categories of invasion of privacy. Carr states that the activity he was engaged in was returning items for store credit at a grocery store. He did not allege that the items at issue implicated any aspect of his private affairs to which a privacy interest might attach. Retail transactions such as the one at issue here do not generally involve a person's private affairs, nor did Carr have any expectation of privacy with respect to returning razor blades at the customer service counter of a grocery store. As far as we can tell from Carr's petition, the specific conduct he complains of was a statement by an HEB employee that she had seen Carr in the same store earlier that day. Not only does Carr's petition wholly fail to identify a protectable privacy interest, the specific conduct of which he

complains does not constitute an intrusion into his private affairs or unreasonable publicity given to an aspect of his private life. The trial court did not abuse its discretion by dismissing Carr's invasion-of-privacy claim as frivolous because it has no arguable basis in law and Carr's realistic chance of ultimate success was slight.

*Fraud*

Carr alleges that HEB is "guilty of fraud of misrepresentation." A plaintiff must allege the following to state a cause of action for fraud based on misrepresentation: (1) a material representation was made; (2) it was false; (3) when the representation was made, the speaker knew it was false or the statement was made recklessly without any knowledge of its truth and as a positive assertion; (4) the speaker made the representation with the intent that it should be acted upon by the other party; (5) the other party acted in reliance on the representation; and (6) the party thereby suffered injury. *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 688 (Tex. 1990). In numerous places in his eighteen-page petition, Carr makes the allegation that HEB and its employees engaged in fraud by making untrue statements regarding a variety of matters, including that the razor blades were not originally purchased at the store he was returning them to, that he had been in the store earlier that day, and that he had not brought the items into the store in the first place. Nowhere, however, does Carr claim that any of the speakers made the allegedly false representations with the intent that Carr act upon them. While we have attempted to construe Carr's petition liberally, we are unable to ascertain which statements Carr relied upon and the manner in which such reliance caused him injury. Having reviewed Carr's petition, supplemental pleadings, and briefs, we are unable to assemble allegations that, together, come close to stating a cause of action for fraud against

11

HEB. The trial court did not abuse its discretion in dismissing the fraud claim as frivolous because Carr's fraud claim has no arguable basis in law and the realistic chance of ultimate success on this claim was slight.

***Conspiracy***

In his petition against HEB, Carr alleges that HEB, through actions of its employees, conspired to have him charged with theft. The elements of civil conspiracy include:

(1) two or more persons;

(2) an object to be accomplished;

(3) a meeting of the minds on the object or course of action;

(4) one or more unlawful, overt acts; and

(5) damages as a proximate result.

*Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996); *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 614 (Tex. 1996). Employees or agents of a principal acting within the course and scope of their employment or agency relationship cannot form a conspiracy together unless they are acting outside their capacity as an employee or agent or are acting for a personal purpose of their own. *See Texas-Ohio Gas, Inc. v. Mecom*, 28 S.W.3d 129, 138 (Tex. App.—Texarkana 2000, no pet.); *Atlantic Richfield Co. v. Misty Prods. Inc.*, 820 S.W.2d 414, 421 (Tex. App.—Houston [14th Dist.] 1991, writ denied). Each of the actors in the conspiracy Carr alleges against HEB was an employee of HEB and was acting in that capacity. Carr did not allege that any of the employees was acting for a personal purpose of his or her own, nor do the facts as stated support such an

12

inference. Moreover, Carr does not allege that the employees carried out any unlawful overt acts to accomplish their alleged objective of having him arrested. Carr merely alleges that the HEB employees made false statements regarding the razor blades he was carrying and regarding his presence at the store earlier in the day. Carr does not allege that the employees had a meeting of the minds on the objective of securing his arrest. Instead, Carr makes the bare and unsupported assertion that they conspired to have him arrested. Rather than support a claim for conspiracy, the allegations in Carr's petition set forth a series of unrelated events that resulted in his being suspected of shoplifting. The trial court did not abuse its discretion by dismissing Carr's conspiracy cause of action against HEB and its employees as frivolous because it has no arguable basis in law and its realistic chance of success was slight.

### Dismissal of the Claims Against Baird

In his motion to dismiss, Baird asserted that Carr failed to state a claim against him under the Texas Tort Claims Act. Carr purported to sue Baird under the act in both his individual and official capacities. The Texas Tort Claims Act provides a waiver of the state's immunity from liability under certain circumstances. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021. However, the act does not provide for recovery against individuals who are merely employees of the state. *Aguilar v. Chastain*, 923 S.W.2d 740, 744 (Tex. App.—Tyler 1996, writ denied). A person making a claim under the Texas Tort Claims Act must sue the governmental unit responsible for allegedly causing the harm in order to invoke the waiver of sovereign immunity. Tex. Civ. Prac. & Rem. Code Ann. § 101.025(b); *Seifullah v. Heaton*, 2003 Tex. App. LEXIS 7231, at *7-8 (Tex. App.—Tyler Aug. 20, 2003, no pet.) (mem. op.); *Aguilar*, 923 S.W.2d at 744. Baird, a state employee, is

13

therefore not a proper party to Carr's claim under the Texas Tort Claims Act in either his official or individual capacity. *Id.*; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.106 (suit filed against employee based on conduct within scope of employment and that could have been filed against governmental unit shall be dismissed upon employee's motion unless plaintiff files amended pleadings dismissing employee and naming governmental unit as defendant within stated time period).

Moreover, even if we could consider Carr's suit against Baird as a suit against the Texas Department of Criminal Justice, he would still fail to state a claim under the Texas Tort Claims Act because the conduct of which he complains is not covered by the act. Specifically, Carr has failed to claim an injury arising from the operation of a motor vehicle or the use of tangible personal or real property. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021. An injury resulting from the misuse of information, even if that information is recorded in writing, does not constitute an injury caused by the use of tangible personal property. *See University of Tex. Medical Branch v. York*, 871 S.W.2d 175, 179 (Tex. 1994). Carr's claims against Baird under the Texas Tort Claims Act have no arguable basis in law, his realistic chance of success was slight, and the trial court did not abuse its discretion by dismissing them.

## CONCLUSION

The trial court did not abuse its discretion by dismissing Carr's claims against HEB and Baird as they have no arguable basis in law. Further, it was not an abuse of discretion for the trial court to conclude that Carr's realistic chance of ultimate success was slight. Consequently, we affirm the trial court's dismissal order.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed:   October 7, 2009