**REVISED November 16, 2017**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20121
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 15, 2017

Lyle W. Cayce
Clerk

COLLINS O. NYABWA,

Plaintiff-Appellant

v.

WARDEN PAM LYCHNER, State Jail, Individually and Official Capacity,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2638

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Collins O. Nyabwa has moved for leave to proceed in forma pauperis (IFP). He seeks to appeal the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B)(i). In that complaint, Nyabwa alleged that the Pam Lychner State Jail and its warden violated his constitutional rights by falsely imprisoning him based on his three

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20121

Texas state convictions for improper photography.  After completion of Nyabwa's term of imprisonment, the Texas Court of Criminal Appeals held in an unrelated case that the improper photography statute was unconstitutional.  *See Ex parte Thompson*, 442 S.W.3d 325, 351 (Tex. Crim. App. 2014).  In this case, the district court determined that Nyabwa's claims were legally frivolous and that his complaint was also malicious because he repeated allegations that had been rejected in a previous civil action.  The district court denied Nyabwa leave to proceed IFP because it certified that his appeal was not taken in good faith for the same reasons expressed in its dismissal order.

By moving for leave to proceed IFP on appeal, Nyabwa challenges the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into his good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  Nyabwa's motion for leave to file a supplemental brief on appeal is GRANTED.

Nyabwa has not shown that the district court abused its discretion by dismissing his complaint as frivolous or malicious.  *See Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998).  He has not shown how his citation to the actual-innocence prong of the test set forth in *Reyes-Requena v. United States*, 243 F.3d 893, 900-04 (5th Cir. 2001), is relevant in this context.  Nyabwa is not entitled to relief under 28 U.S.C. §§ 1495 and 2513 because those statutes "come into play only after a defendant has succeeded in overturning his federal conviction and is seeking damages for wrongful conviction."  *Freeman v. Johnson*, 79 F. App'x 3, 3 (5th Cir. 2003).  Similarly, his reliance on Texas Civil Practice and Remedies Code Ann. § 103.001 or other state law fails to state a

No. 17-20121

valid claim under § 1983. *See Southwestern Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008). To the extent he seeks to invoke *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), we need not consider that argument because it is raised for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). In any event, *Nelson* does not directly support his argument because that case did not involve a claim of false imprisonment. Furthermore, examination of his complaint in this appeal and his prior complaint dismissed in *Nyabwa v. Warden, Individual and Official Capacity, Pam Lychner State Jail*, No. 4:16-cv-1643 (S.D. Tex. June 30, 2016), supports the district court's dismissal of his instant complaint as malicious. *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).

Accordingly, Nyabwa has failed to show an error in the district court's certification decision and has not established that he will raise a nonfrivolous issue on appeal. *See Baugh*, 117 F.3d at 202; *Howard*, 707 F.2d at 220. Nyabwa's motion for leave to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Nyabwa is CAUTIONED that future frivolous, repetitive, or otherwise abusive filings will result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction. He should review any pending appeals and actions and move to dismiss any that are frivolous, repetitive, or otherwise abusive.