# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20120
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 22, 2017

Lyle W. Cayce
Clerk

COLLINS O. NYABWA,

Plaintiff-Appellant

v.

CORRECTIONS CORPORATION OF AMERICA (CCA),

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-3792

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Collins O. Nyabwa has moved for leave to proceed in forma pauperis (IFP). He seeks to appeal the district court's dismissal of his complaint as frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B)(i). In that complaint, Nyabwa alleged that the Corrections Corporation of America (CCA) falsely imprisoned him at a federal immigration detention center pending deportation proceedings that were based on his three Texas convictions for improper

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

photography.  After his deportation proceedings were terminated and he was released from detention, the Texas Court of Criminal Appeals held in an unrelated case that the improper photography statute was unconstitutional.  See Ex parte Thompson, 442 S.W.3d 325, 351 (Tex. Crim. App. 2014).  In this case, the district court determined that Nyabwa's claims were legally frivolous and that his complaint was also malicious because he repeated allegations that had been rejected in a previous civil action.  The district court denied Nyabwa leave to proceed IFP because it certified that his appeal was not taken in good faith.

By moving for leave to proceed IFP on appeal, Nyabwa challenges the district court's certification that his appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into his good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  Nyabwa's motion for leave to file a supplemental brief on appeal is GRANTED.

Nyabwa has not shown that the district court abused its discretion by dismissing his complaint as frivolous or malicious.  See Ruiz v. United States, 160 F.3d 273, 274-75 (5th Cir. 1998).  He has not shown how his citation to the actual-innocence prong of the test set forth in Reyes-Requena v. United States, 243 F.3d 893, 900-04 (5th Cir. 2001), is relevant in this context.  Nyabwa is not entitled to relief under 28 U.S.C. §§ 1495 and 2513 because those statutes "come into play only after a defendant has succeeded in overturning his federal conviction and is seeking damages for wrongful conviction."  Freeman v. Johnson, 79 F. App'x 3, 3 (5th Cir. 2003).  The district court's dismissal of Nyabwa's false imprisonment claim under Texas state law is supported by relevant law.  See Wal-Mart Stores, Inc v. Resendez, 962 S.W.2d 539, 540 (Tex.

No. 17-20120

1998); Pete v. Metcalfe, 8 F.3d 214, 218-19 (5th Cir. 1993); James v. Brown, 637 S.W.2d 914, 918 (Tex. 1982).  We also find no support for his argument in Nelson v. Colorado, 137 S. Ct. 1249 (2017).  The reason is that the case did not involve a claim of false imprisonment.  Furthermore, examination of his complaint in this appeal and his prior complaint dismissed in Nyabwa v. Corrections Corporation of America, No. 4:16-cv-1644 (S.D. Tex. Feb. 1, 2017), supports the district court's dismissal of his current complaint as malicious. See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).

Nyabwa is correct that, because his complaint invoked both 42 U.S.C. § 1983 and diversity jurisdiction under 28 U.S.C. § 1332(a), the district court should have considered his claims in light of diversity jurisdiction, instead of focusing solely on § 1983.  However, because his underlying claims lack merit even if considered under diversity jurisdiction, there was no reversible error. See Longoria v. Schneider, 96 F.3d 1442, 1996 WL 511752, *1 (5th Cir. 1996) (unpublished); Sojourner T. v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).

Accordingly, Nyabwa has failed to show an error in the district court's certification decision and has not established that he will raise a nonfrivolous issue on appeal.  See Baugh, 117 F.3d at 202; Howard, 707 F.2d at 220. Nyabwa's motion for leave to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Nyabwa is CAUTIONED that future frivolous, repetitive, or otherwise abusive filings will result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.  He should review any pending appeals and actions and move to dismiss any that are frivolous, repetitive, or otherwise abusive.