# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20119
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 22, 2017

Lyle W. Cayce
Clerk

COLLINS O. NYABWA,

Plaintiff-Appellant

v.

CORRECTIONS CORPORATION OF AMERICA,

Defendant-Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-1644

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Collins O. Nyabwa has moved for leave to proceed in forma pauperis (IFP). He seeks to appeal the district court's dismissal of his *Bivens*[1] complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In that complaint, Nyabwa claimed that the Corrections Corporation of America (CCA) violated his constitutional rights by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

falsely imprisoning him at a federal immigration detention center pending deportation proceedings that were based on his three Texas convictions for improper photography. After his deportation proceedings were terminated and he was released from detention, the Texas Court of Criminal Appeals held in an unrelated case that the improper photography statute was unconstitutional. *See Ex parte Thompson*, 442 S.W.3d 325, 351 (Tex. Crim. App. 2014). In this case, the district court determined that (1) Nyabwa failed to state a claim against CCA because *Bivens* did not extend to a damages claim against a private entity; and (2) Nyabwa failed to state a false imprisonment claim under Texas state law. It also denied his motions for a declaration of actual innocence, summary judgment, leave to amend his complaint, recusal, and a hearing regarding his recusal motion. The district court denied Nyabwa leave to proceed IFP because it certified that his appeal was not taken in good faith.

By moving for leave to proceed IFP on appeal, Nyabwa challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into his good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Nyabwa's first motion for leave to file a supplemental appeal brief is GRANTED. His second motion for leave to file a supplemental appeal brief is DENIED.

We review de novo a dismissal for failure to state a claim under Rule 12(b)(6). *See Legate v. Livingston*, 822 F.3d 207, 209-10 (5th Cir.), *cert. denied sub nom. Legate v. Collier*, 137 S. Ct. 289 (2016). A complaint fails to state a claim upon which relief may be granted when it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

We review the district court's denial of Nyabwa's motion to amend his complaint for abuse of discretion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Because Nyabwa had sufficient opportunity to plead his best case and the information Nyabwa sought to include in his complaint would not have prevented the complaint's dismissal, the district court did not abuse its discretion by denying his motion to amend based on futility. *See Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991).

The district court properly determined that Nyabwa's complaint failed to state a claim upon which relief can be granted. Pursuant to *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 63 (2001), a federal prisoner cannot use *Bivens* "to allow recovery against a private corporation operating a halfway house under contract with the Bureau of Prisons." Nyabwa fails to provide any relevant explanation supporting his argument that *Malesko* is not applicable here because he claims to be actually innocent. Moreover, he has not shown how his citation to the actual-innocence prong of the test set forth in *Reyes-Requena v. United States*, 243 F.3d 893, 900-04 (5th Cir. 2001), is relevant in this context. Nyabwa's reliance on 28 U.S.C. §§ 1495 and 2513 is misplaced because those statutes "come into play only after a defendant has succeeded in overturning his federal conviction and is seeking damages for wrongful conviction," and, as such, have no relevance here. *Freeman v. Johnson*, 79 F. App'x 3, 3 (5th Cir. 2003). One recent opinion on which relies does not directly support his argument because that case did not involve a claim of false imprisonment. *See Nelson v. Colorado*, 137 S. Ct. 1249 (2017).

The district court's determination, under supplemental jurisdiction, that Nyabwa failed to state a claim of false imprisonment under Texas state law is

No. 17-20119

supported by relevant law. *See Wal-Mart Stores, Inc v. Resendez*, 962 S.W.2d 539, 540 (Tex. 1998); *Pete v. Metcalfe*, 8 F.3d 214, 218-19 (5th Cir. 1993); *James v. Brown*, 637 S.W.2d 914, 918 (Tex. 1982). Because Nyabwa failed to state a claim and was not entitled to judgment as a matter of law, the district court properly denied his motion for summary judgment. *See* FED. R. CIV. P. 56(a). Due to the lack of an actual controversy, the district court also properly denied Nyabwa's request for declaratory relief. *See Earnest v. Lowentritt*, 690 F.2d 1198, 1203 (5th Cir. 1982). Because Nyabwa's conclusory arguments for recusal were based on the district court judge's actions in the course of judicial proceedings and failed to show that the judge had an actual personal bias or prejudice against him, the district court did not abuse its discretion by denying his recusal motions or his motion for hearing as to recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Accordingly, Nyabwa has failed to show an error in the district court's certification decision and has not established that he will raise a nonfrivolous issue on appeal. *See Baugh*, 117 F.3d at 202; *Howard*, 707 F.2d at 220. Nyabwa's motion for leave to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Nyabwa is CAUTIONED that future frivolous, repetitive, or otherwise abusive filings will result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction. He should review any pending appeals and actions and move to dismiss any that are frivolous, repetitive, or otherwise abusive.