# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20066
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 7, 2017

Lyle W. Cayce
Clerk

COLLINS O. NYABWA,

Plaintiff-Appellant

v.

UNKNOWN JAILERS AT CORRECTIONS CORPORATION OF AMERICA,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-782

Before DAVIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Collins O. Nyabwa has moved for leave to proceed in forma pauperis (IFP). He seeks to appeal the district court's dismissal of his *Bivens*[1] complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. In that complaint, Nyabwa claimed that unknown jailers employed by the Corrections Corporation of America violated his constitutional

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

rights by falsely imprisoning him at a federal immigration detention center pending deportation proceedings that were based on his three Texas convictions for improper photography. After his deportation proceedings were terminated and he was released from detention, the Texas Court of Criminal Appeals held in an unrelated case that the improper photography statute was unconstitutional. *See Ex parte Thompson*, 442 S.W.3d 325, 351 (Tex. Crim. App. 2014). In this case, the district court determined that (1) Nyabwa failed to state a claim against the defendants because *Bivens* did not extend to a damages claim against private entities, and (2) Nyabwa failed to state a false imprisonment claim under Texas state law. It also denied his motions for recusal, a hearing regarding his recusal motion, and default judgment. The district court denied Nyabwa leave to proceed IFP because it certified that his appeal was not taken in good faith.

By moving for leave to proceed IFP on appeal, Nyabwa challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into his good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Nyabwa's motion for leave to file a supplemented or corrected appeal brief is GRANTED.

We review de novo a dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted when it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

No. 17-20066

The district court properly determined that Nyabwa's complaint failed to state a claim upon which relief can be granted.  Pursuant to *Minneci v. Pollard*, 565 U.S. 118, 124-25, 131 (2012), a federal prisoner cannot pursue a *Bivens* claim against the private company that operated the federal facility because where the challenged "conduct is of a kind that typically falls within the scope of traditional state tort law . . ., the prisoner must seek a remedy under state tort law" instead of under *Bivens*.  As noted by Nyabwa, the Supreme Court in *Minneci* reaffirmed its earlier holding in *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 63 (2001), that a federal prisoner cannot use *Bivens* "to allow recovery against a private corporation operating a halfway house under contract with the Bureau of Prisons."  Nyabwa fails to provide any relevant explanation supporting his argument that *Malesko* or *Minneci* are not applicable here because he claims to be actually innocent.  Nyabwa's reliance on 28 U.S.C. §§ 1495 and 2513 is misplaced because those statutes "come into play only after a defendant has succeeded in overturning his federal conviction and is seeking damages for wrongful conviction," and, as such, have no relevance here.  *Freeman v. Johnson*, 79 F. App'x 3, 3 (5th Cir. 2003).  To the extent Nyabwa seeks to invoke *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), we need not consider that argument because it is raised for the first time on appeal.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).  In any event, *Nelson* does not directly support his argument because that case did not involve a claim of false imprisonment.

The district court's determination, under supplemental jurisdiction, that Nyabwa failed to state a claim of false imprisonment under Texas state law is supported by relevant law.  *See Wal-Mart Stores, Inc. v. Resendez*, 962 S.W.2d 539, 540 (Tex. 1998); *James v. Brown*, 637 S.W.2d 914, 918 (Tex. 1982); *see also Pete v. Metcalfe*, 8 F.3d 214, 218-19 (5th Cir. 1993).  Because Nyabwa's

conclusory arguments for recusal were based on the district judge's actions in the course of judicial proceedings and failed to show that the judge had an actual personal bias or prejudice against him, the district court did not abuse its discretion by denying his recusal motions or his motion for a hearing on the recusal issue. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Accordingly, Nyabwa has failed to show an error in the district court's certification decision and has not established that he will raise a nonfrivolous issue on appeal. *See Baugh*, 117 F.3d at 202; *Howard*, 707 F.2d at 220. Nyabwa's motion for leave to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Nyabwa is CAUTIONED that future frivolous, repetitive, or otherwise abusive filings will result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction. He should review any pending appeals and actions and move to dismiss any that are frivolous, repetitive, or otherwise abusive.