# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2021

Lyle W. Cayce
Clerk

No. 19-40869

Eric Watkins,

*Plaintiff—Appellant*,

*versus*

Three Administrative Remedy Coordinators of the
Bureau of Prisons; Unknown Parties, Food Service
Administrator and Assistant Administrator and
Foremans,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CV-553

Before Jolly, Stewart, and Oldham, *Circuit Judges*.
Carl E. Stewart, *Circuit Judge*:

Eric Watkins appeals an order of the district court dismissing his complaint. Pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), Watkins claimed that various prison officials violated his constitutional rights by tampering with his meals and denying his grievance. For the reasons that follow, we AFFIRM.

No. 19-40869

## I. FACTS & PROCEDURAL HISTORY

Watkins is a former inmate of FCI Beaumont.[1] He alleges that between January and September 2009, two of the facility's food administrators and various "foremans" provided Watkins with meals that were spoiled, contaminated with feces and urine, and that were "drastically reduced from [the] required portions." According to Watkins, the food administrators and foremen tampered with his food on a daily basis in retaliation for grievances that he had filed against prison officials.

BOP released Watkins from prison on June 7, 2010. He then filed the instant action in forma pauperis ("IFP") on October 24, 2011. He claimed that the food administrators and foremen had violated his First Amendment, Fifth Amendment, and Eighth Amendment rights by tampering with his meals. He also claimed that the three BOP administrative remedy coordinators were liable for the underlying constitutional violations because they had incorrectly disposed of his grievance.

Because Watkins chose to proceed IFP, a magistrate judge reviewed the sufficiency of Watkins's complaint under 28 U.S.C. § 1915(e)(2)(B). That provision requires a court to dismiss an IFP action if the court, among other reasons, determines the complaint "fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(ii). Concluding that Watkins's claims against the food administrators, foremen, and the first two administrative remedy coordinators were time-barred, the magistrate judge recommended dismissal of those claims under § 1915(e)(2)(B)(ii). He also concluded that the claim against the third administrative remedy coordinator, while timely, should be dismissed under § 1915(e)(2)(B)(ii) because an "inmate does not

---

[1] FCI Beaumont is a correctional facility in Beaumont, Texas that is run by the federal Bureau of Prisons ("BOP").

2

have a constitutionally protected liberty interest in having a grievance considered and resolved to his satisfaction."

Watkins objected to the magistrate judge's recommendation, contending that none of his claims were time-barred since the relevant limitations period was tolled for the period during which he exhausted his administrative remedies. He also argued that he was not claiming a right to have his grievance resolved in his favor, but rather the right to hold the three administrative remedy coordinators accountable for the underlying violations of his constitutional rights because they wrongly rejected his grievance.

The district court overruled the objections, adopted the magistrate judge's recommendations, and dismissed Watkins's claims under § 1915(e)(2)(B)(ii) with prejudice. Watkins timely appealed.

## II. STANDARD OF REVIEW

We review dismissal of a complaint under § 1915(e)(2)(B)(ii) de novo. *Nyabwa v. Unknown Jailers at Corr. Corp. of Am.*, 700 F. App'x 379, 380 (5th Cir. 2017) (citing *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)). We will consequently uphold dismissal under § 1915(e)(2)(B)(ii) if the complaint "does not contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## III. DISCUSSION

The district court dismissed Watkins's case primarily on timeliness grounds. However, "we may affirm on any basis supported by the record." *El Aguila Food Prods., Inc. v. Gruma Corp.*, 131 F. App'x 450, 452 (5th Cir. 2005) (citing, inter alia, *LLEH, Inc. v. Wichita County*, 289 F.3d 358, 364 (5th Cir. 2002)). And the record indicates that Watkins does not have a viable

*Bivens* claim. So even if Watkins's claims were timely,[2] they must still be dismissed. *See Byrd v. Lamb*, 990 F.3d 879, 882 (5th Cir. 2021) (per curiam) (dismissing a plaintiff's *Bivens* claim even though the defendant's attorney had not "rais[ed] the *Bivens* issue in the district court" and the district court had not sua sponte addressed it); § 1915(e)(2)(B)(ii).

### A. Food Administrators and Foremen

We first address Watkins's claims against the food administrators and foremen. The Supreme Court has recently reiterated that expanding the *Bivens* cause of action has "become 'a "disfavored" judicial activity.'" *Hernandez v. Mesa*, 140 S. Ct. 735, 742 (2020) (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017)). We must apply a two-part test when considering whether to extend *Bivens*. First, we inquire whether the request to extend *Bivens* "involves a claim that arises in a new context or involves a new category of defendants." *Id.* at 743 (citation and internal quotation marks omitted). Then we ask "whether there are any special factors that counsel hesitation about granting the extension." *Id.* (citation and internal quotation marks omitted).

A context is "new" if it is "different in a meaningful way from previous *Bivens* cases decided by th[e] Court." *Abbasi*, 137 S. Ct. at 1859. As this court previously observed:

> Today, *Bivens* claims generally are limited to the circumstances of the Supreme Court's trilogy of cases in this area: (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389–90; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228 (1979);

---

[2] We express no opinion today on whether the claims were in fact timely filed.

and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment, *see Carlson v. Green*, [446 U.S. 14 (1980)].

*Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020). "Virtually everything else is a 'new context.'" *Id.* (quoting *Abbasi*, 137 S. Ct. at 1865).

Although Watkins asserts *Bivens* claims against the food administrators and foremen under the First Amendment, Fifth Amendment, and Eighth Amendment, his claims are best construed under the First Amendment since he claims that the defendants retaliated against him for filing grievances. Because Watkins's claims appear nothing like the *Bivens* trilogy, we conclude that his claims arise in a new context.

Furthermore, this case presents special factors counseling hesitation. The "most important" *Bivens* question is "who should decide whether to provide for a damages remedy, Congress or the courts?" *Mesa*, 140 S. Ct. at 750 (citation and internal quotation marks omitted). Like in *Mesa*, the answer to that question here is Congress. The Prison Litigation Reform Act,[3] which governs lawsuits brought by prisoners, "does not provide for a standalone damages remedy against federal jailers." *Abbasi*, 137 S. Ct. at 1865. So out of respect for Congress and the longstanding principle of separation-of-powers, we cannot imply such a remedy in this case.

In sum, we decline to extend *Bivens* to include First Amendment retaliation claims against prison officials, joining our sister courts that have recently considered the matter. *See Bistrian v. Levi*, 912 F.3d 79, 96 (3d Cir. 2018); *Earle v. Shreves*, 990 F.3d 774, 781 (4th Cir. 2021). Our holding is underscored by the fact that the Supreme Court has not only never recognized a *Bivens* cause of action under the First Amendment, *Reichle v.*

---

[3] 42 U.S.C. § 1997e.

*Howards*, 566 U.S. 658, 663 n.4 (2012), but also once rejected a First Amendment retaliation *Bivens* claim for federal employees, *Bush v. Lucas*, 462 U.S. 367, 368 (1983).

### B. Administrative Remedy Coordinators

Watkins argues that the administrative remedy coordinators are liable for the food administrators and foremen's violation of his constitutional rights because they incorrectly rejected his grievance. We conclude that the district court did not err in dismissing Watkins's claims against these defendants, but for a different reason. Even if Watkins had a viable *Bivens* claim against the food administrators and foremen, "vicarious liability is inapplicable to *Bivens* . . . suits . . . ." *Iqbal*, 556 U.S. at 676. Having failed to assert standalone claims against the administrative remedy coordinators, his claims against them must be dismissed.

### IV. CONCLUSION

For the foregoing reasons, we AFFIRM.