# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2022

Lyle W. Cayce
Clerk

No. 20-40781
Summary Calendar

Eric Watkins,

*Plaintiff—Appellant*,

*versus*

Lieutenant FNU Martinez, *In His Personal and Official Capacity Independently if possible*; Correctional Officer K Hinson, *In His Official and Personal Capacity, Independently if possible*; Correctional Officer FNU Bijou, *In His Personal and Official Capacity, Independently if possible*; Bureau of Prisons, *In Its Official Capacity*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CV-98

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Eric Watkins, a former federal prisoner, appeals the district court's dismissal of his *Bivens*[1] action as barred by the statute of limitations. The district court dismissed Watkins's complaint as frivolous pursuant to 28 U.S.C. § 1915(e). A dismissal as frivolous under § 1915(e)(2)(B)(i) is reviewed for abuse of discretion. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).

We may affirm the district court's dismissal on any basis supported by the record. *Watkins v. Three Administrative Remedy Coordinators*, 998 F.3d 682, 684 (5th Cir. 2021). The Supreme Court "has made clear that expanding the *Bivens* remedy is now a disfavored judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (internal quotation marks and citation omitted). In order to decide whether a *Bivens* remedy exists, the court must first determine if a case "present[s] a new context for *Bivens* purposes." *Hernandez v. Mesa*, 885 F.3d 811, 815 (5th Cir. 2018) (internal quotation marks and citation omitted). A case presents a new *Bivens* context if it "is different in a meaningful way from prior *Bivens* cases," even when there are "similarities between the right and the mechanism of injury involved in previous successful *Bivens* claims." *Id.* at 816 (internal quotation marks and citations omitted). If the "claim presents a new *Bivens* context," the claim is unavailable if (1) "there are special factors counselling hesitation in the absence of affirmative action by Congress," or (2) "an alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Butts v. Martin*, 877 F.3d 571, 587 (5th Cir. 2017) (internal quotation marks and citations omitted).

---

[1] *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Watkins's claim against the correctional officers is best construed as an excessive force claim under the Eighth Amendment, which raises a *Bivens* claim in a new context. *See Abbasi*, 137 S. Ct. at 1859. There are special factors that counsel hesitation, including the existence of the Federal Tort Claims Act and the Bureau of Prisons's (BOP) Administrative Remedy Program, which provide alternative methods of relief. *See Cantú v. Moody*, 933 F.3d 414, 423 (5th Cir. 2019); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001); *see also Abbasi*, 137 S. Ct. at 1858. For these reasons, Watkins does not have a viable *Bivens* claim against the correctional officers. *See Abbasi*, 137 S. Ct. at 1858. In addition, Watkins does not have a cause of action against the BOP. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 485-86 (1994) (explaining that a damages remedy against federal agencies would circumvent the purpose of *Bivens*, that is to deter individual officers).

AFFIRMED.