# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2022

Lyle W. Cayce
Clerk

No. 19-31015
Summary Calendar

Arthur Flemming Moler,

*Plaintiff—Appellant*,

*versus*

Clara Baty; Beaubauf; Meghan Borne; Tecora Ballom; Steve Beasley; Et Al,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:19-CV-809

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Arthur Flemming Moler appeals from the dismissal with prejudice of his pro se complaint, filed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), as frivolous and for failure to state a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

claim on which relief may be granted. We review a 28 U.S.C. § 1915(e)(2)(B)(i) dismissal as frivolous for abuse of discretion. *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). Dismissals under § 1915(e)(2)(B)(ii) for failure to state a claim are reviewed de novo using the same standard applicable to dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998). We "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiffs." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (internal quotation marks and citation omitted). A pro se litigant's pleadings are construed liberally, and his claims will be dismissed only if he could prove no set of facts that would entitle him to relief. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Moler's release from imprisonment during the pendency of this appeal has rendered moot his claims for declaratory relief. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). However, we retain jurisdiction to consider Moler's claims for money damages. *See Cruz v. Estelle*, 497 F.2d 496, 499 (5th Cir. 1974).

In his complaint, Moler claimed that the defendants violated his due process rights during the proceedings for a retaliatory disciplinary violation that was reported on July 16, 2018. The magistrate judge recommended that this due process claim be dismissed for failure to state a claim on which relief may be granted and as frivolous because Moler had not alleged that the disciplinary violation resulted in the loss of any protected interests, such as good time credits. However, in his objections to the magistrate judge's report, Moler stated that he had lost 27 days of good time credit due to the disciplinary violation. Moler also sought to amend his complaint to include the loss of 27 days of good time credit. After the district court adopted the magistrate judge's report and dismissed his complaint, Moler filed several post-judgment motions referencing his loss of good time credit. The district

court denied Moler's motion to amend his complaint and his post-judgment motions that were filed before Moler appealed.

To establish a due process violation, a plaintiff must show that he was deprived of a liberty interest protected by the Constitution or other federal law. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). In the context of prison disciplinary proceedings, a prisoner's constitutionally protected liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484 (internal quotation marks and citation omitted). Federal prisoners have a liberty interest in their accumulated good time credit. *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).

Before dismissing a pro se litigant's complaint for failure to state a claim, a district court ordinarily must give the litigant an opportunity to amend his complaint to remedy any deficiencies. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Moreover, a district court may construe an issue raised for the first time in objections to the magistrate judge's report as a motion to amend a complaint. *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996). Because Moler's objections to the magistrate judge's report and his motion to amend his complaint both raised his loss of good time credit, which undermines the basis for dismissing his due process claim, that claim should not have been dismissed on that basis. The current record is not developed sufficiently to permit further review of that claim. Accordingly, we VACATE the district court's dismissal of Moler's due process claim for the disciplinary violation that resulted in the loss of good time credit and we REMAND that claim to the district court for further consideration. We express no opinion on the merits of Moler's claim. This disposition renders

moot Moler's challenges to the district court's denial of his post-judgment motions.

Moler's remaining claims allege that: (1) his administrative grievances were not handled in a proper manner; (2) he was improperly placed into solitary confinement on various occasions and was improperly given a Management Variable classification; (3) some of the defendants used racially discriminatory language against him; and (4) many of the defendants' actions against him were done in retaliation for the filing of his administrative grievances. We recently "decline[d] to extend *Bivens* to include First Amendment retaliation claims against prison officials." *Watkins v. Three Admin. Remedy Coordinators of Bureau of Prisons*, 998 F.3d 682, 685-86 (5th Cir. 2021). The district court properly dismissed the other remaining claims after determining that they did not implicate a constitutionally protected interest. *See Butler v. S. Porter*, 999 F.3d 287, 296 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 766 (2022); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *Calhoun v. Hargrove*, 312 F.3d 730, 734-35 (5th Cir. 2002). Accordingly, we AFFIRM the district court's judgment as to these claims.