# United States Court of Appeals for the Fifth Circuit

No. 21-40711
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 5, 2022

Lyle W. Cayce
Clerk

Eric Watkins,

　　　　　　　　　　　　　　　*Plaintiff—Appellant*,

*versus*

UP Statcher, *Individually and in His Official Capacity as Assistant Food Service Administrator*; Food Service Administrator, *Individually and in His Official Capacity*; Food Service Formans, *Individually and in Their Official Capacities*; Jody Upton, *Individually and in His Official Capacity as Warden*; G. Maldonado, Jr., *Individually and in His Official Capacity as a Bureau of Prison Regional Director*; Harrell Watts, *Individually and in His Official Capacity as the Bureau of Prisons Central Office's National Inmate Appeals Administrator*,

　　　　　　　　　　　　　　　*Defendants—Appellees*.

───────────────────

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CV-619

───────────────────

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:*

───────────────

* This opinion is not designated for publication. *See* 5th Circuit Rule 47.5.

Eric Watkins, former federal prisoner # 55630-004 (he was released in 2010), proceeding *pro se* and *in forma pauperis*, filed a complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (certain constitutional violations by federal actors). Watkins claimed defendants retaliated and discriminated against him by denying him meals and tampering with his food because of grievances he had filed. The district court dismissed the complaint for failure to state a claim upon which relief may be granted, concluding: his claims were time barred; and, alternatively, he failed to state a claim on the merits. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring court to *sua sponte* dismiss complaint which fails to state a claim during *in forma pauperis* proceedings).

Watkins maintains his claims were timely filed because the statute of limitations was tolled while he exhausted administrative remedies during his imprisonment. Further, Watkins contends *Bivens* affords a claim in his action because no other remedy exists to allow him to sue federal officials for violations of his constitutional rights. Finally, Watkins claims that several supervisory defendants should be held responsible for the retaliatory acts of their employees.

The dismissal of Watkins' complaint is reviewed *de novo*. *E.g.*, *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). Because he fails to state a claim on the merits, our court need not address the timeliness issue. *E.g.*, *Watkins v. Three Admin. Remedy Coordinators of Bureau of Prisons*, 998 F.3d 682, 684–86 (5th Cir. 2021) (declining to address timeliness because "even if [the] claims were timely, they must still be dismissed").

As concluded in the above-cited nearly identical appeal filed previously by Watkins, "although [he] asserts *Bivens* claims . . . under the First Amendment, Fifth Amendment, and Eighth Amendment, his claims are best construed" as First Amendment retaliation claims. *Id.* at 685.

No. 21-40711

"[T]here is no *Bivens* actions for First Amendment retaliation". *Egbert v. Boule*, 142 S. Ct. 1793, 1807 (2022). Additionally, to the extent he asserts violations against supervisory defendants, vicarious liability does not apply in *Bivens* actions. *Watkins*, 998 F.3d at 686. Because *Bivens* does not provide a remedy for his claims, the court did not err by dismissing his complaint.

AFFIRMED.