# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2023

Lyle W. Cayce
Clerk

————————

No. 22-30401
Summary Calendar

————————

NICHOLAS L. WOODS,

*Plaintiff—Appellant*,

*versus*

B. WILEY, *Federal Officer, Federal Correctional Complex Oakdale, LA (Low)*; S. MATA, *Warden, Federal Correctional Complex Oakdale, LA (Low)*; S I A DEVILLE, *S.I.A., Federal Correctional Complex Oakdale, LA (Low)*,

*Defendants—Appellees*.

———————————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:22-CV-592

———————————————————————————

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Plaintiff-Appellant Nicholas L. Woods, a federal prisoner proceeding *pro se* and *in forma pauperis*, appeals the dismissal of his complaint with prejudice. We AFFIRM.

————————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-30401

In his complaint, Woods alleges that Defendant-Appellee Officer B. Wiley falsely stated on an incident report that Woods had spit on him. Woods alleges that he had been wearing an N-95 mask during the encounter, making Wiley's version of the events impossible. Woods also claims that Defendants-Appellees Warden S. Mata and Special Investigative Agent Deville failed to properly investigate Wiley's alleged misrepresentation once Woods had brought it to their attention. The district court dismissed Woods's claims as frivolous under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B)(i), reasoning that they are not actionable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

We review claims dismissed as frivolous under the *in forma pauperis* statute for an abuse of discretion, *Butler v. Porter*, 999 F.3d 287, 292 (5th Cir. 2021), construing a *pro se* litigant's pleadings and arguments liberally, *id.*; *Johnson v. Quarterman*, 479 F.3d 358, 359 (5th Cir. 2007). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)). "The Supreme Court has recently reiterated that expanding the *Bivens* cause of action has 'become "a 'disfavored' judicial activity."'" *Watkins v. Three Admin. Remedy Coordinators of Bureau of Prisons*, 998 F.3d 682, 685 (5th Cir. 2021) (quoting *Hernandez v. Mesa*, 140 S. Ct. 735, 742 (2020)). Here, Woods does not identify an implied cause of action that has already been recognized under *Bivens*'s jurisprudence that is akin to his own. And he provides no persuasive reason to extend *Bivens*'s reach in this context. *See Hernandez*, 140 S. Ct. at 744. Accordingly, the district court did not abuse its discretion in dismissing Woods's complaint as frivolous.

No. 22-30401

Woods also challenges the dismissal of his complaint with prejudice, arguing that he should have been afforded leave to amend. Although the district court explicitly dismissed Woods's complaint with prejudice, Woods never moved for the relief he requests now below. "[T]he Prison Litigation Reform Act requires a district court *sua sponte* to dismiss a prisoner's IFP civil rights complaint if the court determines that the action is frivolous or fails to state a claim." *Alexander v. Stiles*, 54 F. App'x 412 (5th Cir. 2002) (per curiam); *see Rogers v. Flores*, 273 F.3d 1100 (5th Cir. 2001) (unpublished per curiam) ("[Appellant's] argument that the district court abused its discretion in refusing to allow him to amend his complaint is factually frivolous. He did amend his complaint once, and he did not seek permission to amend or present a second complaint after the magistrate judge had recommended dismissal."). Furthermore, Woods fails to explain how he might overcome his complaint's deficiencies, despite contending that he would rectify the legal issues that were the basis for the dismissal below through "more 'artfully' structuring the complaint were he allowed to amend it." Nor is it apparent to us that such corrective pleading is possible.

AFFIRMED.