# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2023

Lyle W. Cayce
Clerk

_____

No. 22-40579

_____

Delores Looper,

*Plaintiff—Appellant*,

*versus*

Dallas B. Jones; Federal Bureau of Prisons; 6 Unknown
Employees,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:19-CV-377

_____

Before Willett, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Delores Looper, proceeding pro se and in forma pauperis, sued the
Federal Bureau of Prisons and several prison officials pursuant to *Bivens v.
Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388
(1971). **ROA.132–36, 163–76**. She alleged that the defendants violated the
Eighth Amendment rights of her son, Joseph Looper, by failing to protect

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40579

him from the lethal attack of his cellmate. **ROA.135, 163–74, 179**. The district court dismissed Looper's complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). We AFFIRM.

First, the district court correctly dismissed the suit against the Federal Bureau of Prisons. The law is clear that a plaintiff cannot bring a *Bivens* claim against a federal agency. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994).

Second, the district court correctly dismissed the suit against the federal officers. Looper alleges that the officers violated her son's Eighth Amendment rights when they transferred him to a cell where another inmate killed him. **ROA.172–74**. She also alleges that the officers knew or should have known that her son was likely to suffer severe injury or death at the hands of the other inmate. **ROA.172–74**. She claims that the officers' failure to protect her son and intervene on his behalf amounted to deliberate indifference. **ROA.172–74**.[†]

*Bivens* created a cause of action for money damages under the Fourth Amendment for Webster Bivens to sue federal agents who allegedly "manacled" him "in front of his wife and children, and threatened to arrest the entire family," "searched the apartment from stem to stem," and took him to a federal courthouse where he was "interrogated, booked, and subjected to a visual strip search." 403 U.S. at 389. In the next decade, the Supreme Court recognized two other causes of action against federal officers: first, for sex

---

[†] Looper tried to amend her complaint to include additional Eighth Amendment claims, alleging that prison officials failed to adequately staff the prison and provide her son with timely emergency medical care. The district court denied her request because she had not sought leave; these new claims were time-barred by the applicable limitations period; and the new claims were, in any event, supported only by conclusory allegations. **ROA.587–88**. Even if Looper had properly presented these claims, they would fail to state a claim for *Bivens* relief for the same reasons that her other claims fail to do so: they present a new context and the *Bivens* remedy is not appropriate.

2

discrimination against a former congressional staffer in violation of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228 (1979); and second, for a failure to provide an asthmatic prisoner with adequate medical care in violation of the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14 (1980). But since then, the Supreme Court has not once extended the *Bivens* remedy, and it has declined to do so at least a dozen times. *See Egbert v. Boule*, 142 S. Ct. 1793, 1799–1800 (2022). The Supreme Court has repeatedly "emphasized that recognizing a cause of action under *Bivens* is 'a disfavored judicial activity.'" *Id.* at 1803 (quoting *Hernandez v. Mesa*, 140 S. Ct. 735, 742 (2020) and *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017)). That is because "creating a cause of action is a legislative endeavor." *Ibid.* So today, "*Bivens* claims generally are limited to the circumstances" of *Bivens*, *Davis*, and *Carlson*. *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020).

When analyzing *Bivens* claims, we have traditionally asked two question—(1) whether this case presents a new context and (2) if so, whether there are any alternative remedies or special factors indicating that judges are "at least arguably less equipped than Congress" to create a damages remedy. *Egbert*, 142 S. Ct. at 1803. But as a practical matter, this inquiry reduces to "a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Ibid.* And as the Supreme Court has instructed, this question creates an extremely high barrier:

> If there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy, the courts must refrain from creating it. Even a single sound reason to defer to Congress is enough to require a court to refrain from creating such a remedy. Put another way, the most important question is who should decide whether to provide for a damages remedy, Congress or the courts? If there is a rational reason to think that the answer is "Congress"—as it will be in most every case— no *Bivens* action may lie.

*Ibid.* (cleaned up).

Looper cannot make the required showing because this case presents a new context, and Congress is far more equipped to create a damages remedy.

First, this is a new *Bivens* context. As the Supreme Court has emphasized, our "understanding of a 'new context' is broad." *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020). That is because "even a modest extension" of *Bivens* outside the circumstances of *Bivens*, *Davis*, and *Carlson* "is still an extension." *Ziglar*, 582 U.S. at 147; *see also Watkins v. Three Admin. Remedy Coordinators of Bureau of Prisons*, 998 F.3d 682, 685 (5th Cir. 2021). And it is not enough for a plaintiff to identify "parallel circumstances with *Bivens*, [*Davis*], or *Carlson*"; he must also satisfy "the analytic framework prescribed by the last four decades of intervening case law." *Egbert*, 142 S. Ct. at 1809 (quoting *Ziglar*, 582 U.S. at 139) (internal quotation marks omitted).

Even though *Carlson* created a cause of action for an asthmatic prisoner's Eighth Amendment failure to medicate claim, it did not create a cause of action for a prisoner's Eighth Amendment failure to protect or intervene claim. In that regard, *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001), is instructive. There a prisoner alleged that officials violated his Eighth Amendment rights by failing to provide him with necessary medication and accommodations for his heart condition. *Id.* at 64–65. He sought to vindicate these rights through *Bivens* and *Carlson*. But the Supreme Court held that this was a new context—*even though* the Court in *Carlson* had created a *Bivens* remedy "in almost parallel circumstances." *Ziglar*, 582 U.S. at 139. The Court later explained:

> In both cases [*Carlson* and *Malesko*], the right at issue was the same: the Eighth Amendment right to be free from cruel and

> unusual punishment. And in both cases, the mechanism of injury was the same: failure to provide adequate medical treatment. . . . Even though the right and the mechanism of injury [in *Malesko*] were the same as they were in *Carlson*, the Court held that the contexts were different. The Court explained that special factors counseled hesitation and that the *Bivens* remedy was therefore unavailable.

*Ibid.* (citation omitted).

So too here. Looper's Eighth Amendment claim is different "in a meaningful way," from the Eighth Amendment claim in *Carlson*. *Ibid.* So this case presents a new context.

Second, special factors counsel against creating a new remedy. Congress has created a comprehensive scheme to govern suits brought by prisoners against federal jailers in the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, enacted fifteen years after *Carlson*. *See Ziglar*, 582 U.S. at 148–49; *Watkins*, 998 F.3d at 685. When enacting this legislation, "Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs." *Ziglar*, 582 U.S. at 148. But Congress chose not to "provide for a standalone damages remedy against federal jailers" and arguably "chose not to extend the *Carlson* damages remedy to cases involving other types of prisoner mistreatment." *Id*. at 149; *see also Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988). Since "Congress has repeatedly declined to authorize the award of damages," we may not do so, *Mesa*, 140 S. Ct. at 747, even if we thought the PLRA remedy was "inadequate" here, *Egbert*, 142 S. Ct. at 1806.

Finally, to the extent Looper tries to hold officers vicariously liable for the actions of subordinates, she cannot. Vicarious liability does not apply to *Bivens* claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding

No. 22-40579

"vicarious liability is inapplicable to *Bivens* and § 1983 suits"); *accord Watkins*, 998 F.3d at 686.

The district court's judgment is AFFIRMED. Looper's motion to supplement the record is DENIED.